UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-cv-00648-FDW-DSC

| | |
|---|---|
| KIRSTEN CAVANAUGH, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)         ORDER<br>TMC RESTAURANT OF CHARLOTTE, )<br>LLC; ABDUR RASCHID CHAWDHARY; )<br>DOE MANAGERS 1 THROUGH 3; LLOYD )<br>J ACE III; AND DOES 4 THROUGH 10, )<br>)<br>Defendants. ) | |

THIS MATTER is before the Court *sua sponte* following review of the "Notice of Acceptance with Offer of Judgment," (Doc. No. 17), filed by Kirsten Cavanaugh, who has opted-in as a plaintiff in this action, (see Doc. No. 10). In her Notice, Cavanaugh indicates she has accepted an Offer of Judgment from Defendant TMC Restaurant, LLC, wherein TMC Restaurant offered to allow judgment to be entered against it in the amount of $6,000 "in full satisfaction of all claims for relief . . . against all Defendants, inclusive of any claims for costs or attorney fees." (Doc. No. 17-1, p. 3 (emphasis in original)). While typically the filing of the acceptance of an offer of judgment results in the Clerk's entry of judgment, see Fed. R. Civ. P. 68, for the reasons that follow, the Clerk is directed to hold entry of judgment pending further order from this Court.

Rule 68 of the Federal Rules of Civil Procedure governs both Defendant TMC Restaurant's tender of the Offer of Judgment and Cavanaugh's subsequent filing with this Court. Rule 68 provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the

1

costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a). "The foregoing provision appears to be mandatory, where 'the clerk *must* enter judgment.'" Moshan-Martinez v. Francisco Valadez Jr. LLC, No. 5:20-CV-205-FL, 2021 WL 6200164, at *1–2 (E.D.N.C. May 17, 2021) (Emphasis in original; citing Fed. R. Civ. P. 68(a); Bevier v. Blue Cross & Blue Shield of S.C., 337 F. App'x 357, 359 (4th Cir. 2009) ("This language indicates that a Rule 68 offer of judgment is self-executing—[t]he court generally has no discretion whether or not to enter the judgment.") (citing Ramming v. Natural Gas Pipeline Co. of Am., 390 F.3d 366, 370–71 (5th Cir. 2004))). In other words, Rule 68 directs the Clerk to enter judgment upon the filing of an offer and notice of acceptance.

Notwithstanding the mandate appearing in the plain language of the rule, certain exceptions exist to preclude the self-executing nature of filing an offer of judgment. For example, in class actions, Rule 23 imposes a duty on the court to review the acceptability of settlements. See Moshan-Martinez, No. 5:20-CV-205-FL, 2021 WL 6200164, at *2 (citing Bevier, 337 F. App'x at 359; Ramming, 390 F.3d at 371 ("There are certain limited circumstances under which courts retain authority to review an offer of judgment: in a class action, pursuant to Rule 23, a court is charged with the authority to accept a settlement.")). Offers of judgment involving Fair Labor Standards Act ("FLSA") claims are another exception that require the court's evaluation prior to entry of judgment:

> Federal Rule of Civil Procedure 68(a) instructs the court to enter judgment after receiving an accepted offer of judgment. However, the [FLSA] . . . does not permit settlement or compromise except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1354

(11th Cir. 1982); see also Lopez v. NTI, LLC, 748 F.Supp.2d 471 (D. Md. 2010) (explaining that courts assess FLSA settlements for reasonableness). Accordingly, the FLSA modifies Rule 68(a) such that in claims filed under the FLSA, the court will enter judgment when presented with an offer and acceptance only after the court is satisfied that the settlement is a reasonable compromise.

Johnson v. Helion Techs., Inc., No. CV DKC 18-3276, 2019 WL 4931356, at *1 (D. Md. Oct. 7, 2019) (quoting Banegas v. Gen. Lawn Serv. Corp., No. 13-cv-3728-GJH, 2014 WL 12740666, at *1 (D. Md. July 17, 2014)); see also Taylor v. Progress Energy, Inc., 493 F.3d 454, 459 (4th Cir. 2007) (noting that under the FLSA, "there is a judicial prohibition against the unsupervised waiver or settlement of claims."); Lorenzo v. Prime Commc'ns, L.P., No. 5:12-CV-69-H-KS, 2018 WL 10689660, at *1 (E.D.N.C. Feb. 14, 2018) ("The rights guaranteed by the FLSA cannot be waived by private agreement between employer and employee." (cleaned up)).

Here, the offer of judgment indicates it is made in "satisfaction of all claims," which necessarily includes the FLSA claim and therefore precludes the Clerk from entering judgment until the Court is satisfied the settlement is a reasonable compromise. (Doc. No. 17-1, p. 3). The Fourth Circuit Court of Appeals has not articulated the appropriate factors for courts to consider in evaluating an FLSA settlement. Without explicit guidance, district courts within this Circuit have consistently borrowed the analysis articulated by the Eleventh Circuit Court of Appeals and approved a FLSA settlement if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Lynn's Food Stores, 679 F.2d at 1355; see Saman v. LBDP, Inc., No. CIV.A. DKC 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (collecting cases); see also Hernandez v. Microfit Auto Parts, Inc., No. TDC 19-0984, 2021 WL 1311579, at *3 (D. Md. Apr. 8, 2021) (collecting cases).

> A number of district courts in the Fourth Circuit have held, in published orders, that to determine whether a settlement is fair and reasonable, the court should consider

3

> "(1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of counsel; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery."

Moshan-Martinez, No. 5:20-CV-205-FL, 2021 WL 6200164, at *2 (collecting cases).

Counsel, however, has failed to make any argument as to facts or applicable law to guide the Court's analysis, and the very limited record—as it currently exists—fails to satisfactorily demonstrate that the settlement is a reasonable compromise of a bona fide dispute as to Defendants' liability for the FLSA claims. Cavanaugh was not a named party to the Complaint; Defendants have yet to file an Answer; and no other pleading contains sufficient information to allow this Court to evaluate whether a bona fide FLSA dispute exists. Cavanaugh's "Consent to Join Collective Action" pleading merely indicates she "worked as an exotic dance for Men's Club of Charlotte, North Carolina, in May 2021" and that she agrees to "opt in" to "pursue my claims arising out of my performing at Men's Club of Charlotte in connection with the above-referenced lawsuit." (Doc. No. 10-1). Additionally, while detailed calculations are not necessary, counsel has not provided the Court with *any* estimate of hours worked, wages and compensation received, or wages and compensation allegedly owed.

While the Court commends counsel and the parties for seeking to resolve this dispute in the early stages of litigation, the record before the Court is wholly insufficient to demonstrate whether Cavanagh has had sufficient opportunity to evaluate the strengths and weaknesses of the parties' positions, the viability of her claims, and the potential range of recovery. Accordingly, the Court cannot approve the Offer of Judgment, (Doc. No. 17), as a fair and reasonable resolution of a bona fide dispute over FLSA provisions.

4

IT IS THEREFORE ORDERED that Judgment shall not issue in this matter absent further order from this Court. The parties may file a Motion to Approve Settlement that contains sufficient facts, argument, and legal authority for this Court to evaluate Plaintiff's acceptance of the offer of judgment under applicable law.

IT IS SO ORDERED.

Signed: July 14, 2022

Frank D. Whitney
United States District Judge