## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JOLLENTA PLUMMER, individually and on behalf of all others similarly situated, | ) Case No.: 3:21-cv-00648-FDW-DSC<br>)<br>) **COLLECTIVE ACTION**<br>) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **JOINT MOTION FOR APPROVAL**<br>) **OF PLAINTIFF KIRSTEN** |
| TMC RESTAURANT OF CHARLOTTE, | ) **CAVANAUGH'S ACCEPTANCE OF** |
| LLC dba MEN'S CLUB OF CHARLOTTE, | ) **DEFENDANTS' FED. R. CIV. P. 68** |
| a North Carolina Limited Liability Company; | ) **OFFER OF JUDGMENT** |
| LLOYD J ACE, III, an individual; ABDUR | ) |
| RASCHID CHAWDHARY, an individual; | ) |
| DOE MANAGERS 1 through 3; and DOES 4 | ) |
| through 10, inclusive, | ) |
| | ) |
| Defendants. | ) |
| | ) |

NOW COMES opt-in plaintiff Kirsten Cavanaugh ("Cavanaugh") and defendants TMC Restaurant of Charlotte, LLC dba Men's Club of Charlotte ("TMC" or the "Club", Lloyd J. Ace III, and Abdur Raschid Chawdhary (collectively, "Defendants"), by and through their respective undersigned counsel of record, and hereby move this Court for an order approving Plaintiff's acceptance of Defendants' Fed. R. Civ. P. 68 Offer of Judgment for the reasons detailed below.

## I.    INTRODUCTION

Cavanaugh respectfully moves this Court for an order directing the Clerk to enter judgment pursuant to the accepted Fed. R. Civ. P. 68 Offer of Judgment [Dkt. 17], for the following reasons: (1) an accepted Rule 68 Offer of Judgment is an adequate method of resolving Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* claims; and (2) no actual case or controversy exists, since Plaintiff accepted Defendants' Rule 68 Offer. Plaintiff's acceptance thereby indicates that this the Court lacks jurisdiction to address this matter in any way other than to simply direct the Clerk of this Court that judgment be entered.

///

JOINT MOTION FOR APPROVAL OF PLAINTIFF KRISTEN CAVANAUGH'S                              PAGE 1
ACCEPTANCE OF DEFENDANTS' FED. R. CIV. P. 68 OFFER OF JUDGMENT

Case 3:21-cv-00648-FDW-DSC    Document 19    Filed 08/31/22    Page 1 of 7

## II.    RELEVANT FACTS

Plaintiff performed as an exotic dancer at TMC. Cavanaugh joined this matter on December 22, 2021. *See* Dkt. 10.

After Cavanaugh joined this matter, counsel for Defendants informally exchanged discovery comprising of all electronic records of Cavanaugh's performances at the clubs during the three years previous to her joining this matter. Based on the club's records, Cavanaugh only performed at the Club on five days: February 20, 2021, February 27, 2021, March 1, 2021, March 9, 2021, and March 31, 2021. Cavanaugh does not dispute the days or hours represented in the Club's records. *See* Declaration of Jesenia A. Martinez ("Martinez Decl.") ¶ 2, Ex. 1.

From the Club's records, which capture the dates and times Cavanaugh performed at TMC, Cavanaugh's total hours worked for Defendants was 21.82. There was no overtime. *See id.*

On July 11, 2022, Defendants served a Rule 68 Offer to Cavanaugh, which Cavanaugh timely accepted. See Dkt. 17.

## III.    ARGUMENT

Rule 68 Offers are valid, appropriate, and acceptable methods of resolving FLSA matters, such that when accepted Rule 68 Offers are made, no actual case or controversy exists from which the Court could have jurisdiction to continue adjudicating the matter.

### A.    Rule 68 Offers Are an Acceptable Method of Resolving FLSA Actions

Rule 68(a) provides:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Courts acknowledge that Rule 68 offers of judgment are acceptable methods of

"resolving a case brought pursuant to the FLSA." *Mackenzie v. Kindred Hosps. E., L.L.C.*, 276

JOINT MOTION FOR APPROVAL OF PLAINTIFF KRISTEN CAVANAUGH'S                    PAGE 2
ACCEPTANCE OF DEFENDANTS' FED. R. CIV. P. 68 OFFER OF JUDGMENT

Case 3:21-cv-00648-FDW-DSC    Document 19    Filed 08/31/22    Page 2 of 7

F.Supp.2d 1211, 1216 (M.D. Fla. 2003) (citing *Arencibia v. Miami Shoes, Inc.,* 113 F.3d 1212 (11th Cir. 1997)); *see also Mei Xing Yu v. Hasaki Restaurant, Inc.,* 944 F.3d 395, 414 (2nd Cir. 2019) (holding that "judicial approval is not required of Rule 68(a) offers of judgment settling FLSA claims."); *Park v. Am. Servs. of Cent. Fla., Inc.,* No. 6:06-cv-882-Orl-22JGG, 2007 WL 430651, at \*2 (M.D. Fla. Feb. 3, 2007) ("Where the employer offers full the plaintiff full compensation on his FLSA claim, no compromise is involved and judicial approval is not required.").

Cavanaugh has not compromised her FLSA claims. There is no "side deal." The terms of the Offer were provided to the Court on July 11, 2022, and those terms provide for a full and complete compensation of Cavanaugh's claims as can be seen from the Offer of Judgment.

Cavanaugh performed at Men's Club of Charlotte on only five (5) occasions in 2021. Cavanaugh does not dispute the club's records, which demonstrate that she performed only 21.82 hours in total. Cavanaugh's claims total $316.39, taking into account $7.25 in federal minimum wage and liquidated damages ($7.25 (federal minimum wage) x 21.82 (hours worked by Cavanaugh) x 2 (liquidated damages) = $316.39). Defendants offered $6,000.00, which is a higher amount than Cavanaugh's claims.

As such, the Offer fully compensates Plaintiff for her claims, demonstrating that Plaintiff has not "compromised" her FLSA claims. *See Vogel v. Am. Kiosk Mgmt,* 371 F.Supp.2d 122, 128 (D.Conn. 2005) ("Furthermore, if the offer of judgment sufficiently covers all damages claimed by the named plaintiff, plus costs and attorney's fees, it may moot the plaintiff's action, even if the plaintiff/offeree fails to accept the offer.).

Furthermore, as can be seen, the Offer is not predicated on any waiver or release of Cavanaugh's rights, but instead, provides full and complete relief for her.

Because the Offer provided completes relief for Cavanaugh's claims, Cavanaugh accepted it. If she had chosen not to, her claims might have been rendered moot and this matter dismissed. Obtaining this Offer fully compensates Cavanaugh for the damages she alleges she

JOINT MOTION FOR APPROVAL OF PLAINTIFF KRISTEN CAVANAUGH'S    PAGE 3
ACCEPTANCE OF DEFENDANTS' FED. R. CIV. P. 68 OFFER OF JUDGMENT

Case 3:21-cv-00648-FDW-DSC    Document 19    Filed 08/31/22    Page 3 of 7

has suffered because of Defendants' conduct. Thus, the Court must enter its judgment in accordance with the accepted Rule 68 Offer.

**B.     Since Cavanaugh Accepted Defendants' Rule 68 Offer, No Actual Case or Controversy Exists**

As detailed above, where no case or controversy remains or exists, the Court has no jurisdiction accept to instruct that judgment be entered.

Federal courts are courts of limited jurisdiction. "Article III, § 2 of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies.'" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 471 (1982). The Court must maintain subject matter jurisdiction at all times, "[a] corollary to this case-or-controversy requirement is that 'an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Genesis*, 569 U.S. at 71 (quoting *Arizonans for Official English v. Arizona,* 520 U.S. 43, 67 (1997)).

In *Genesis*, the United States Supreme Court found that the employee's individual and collective **claims were moot as a result of a Rule 68 offer** of judgment that offered complete relief, even though it was not accepted. *Genesis*, 569 U.S. at 73-74.

Here, Cavanaugh's acceptance of a Rule 68 offer that completely compensates her harms, renders it so that there is no longer a justiciable claim. Cavanaugh accepted Defendants' Rule 68 Offer, which provides a full and complete relief for her claims without a waiver or release.

All that is left is for judgment to be entered in accordance with the accepted Rule 68 Offer to resolve her claims.

///

///

///

JOINT MOTION FOR APPROVAL OF PLAINTIFF KRISTEN CAVANAUGH'S                                    PAGE 4
 ACCEPTANCE OF DEFENDANTS' FED. R. CIV. P. 68 OFFER OF JUDGMENT

Case 3:21-cv-00648-FDW-DSC     Document 19     Filed 08/31/22     Page 4 of 7

## IV.    CONCLUSION

Based on the foregoing, Cavanaugh respectfully requests that the Court grant this Motion and direct the Clerk to enter judgment per the accepted Rule 68 Offer of Judgment.

Dated: August 31, 2022

Respectfully submitted,

*/s/ Jesenia A. Martinez*
Jesenia A. Martinez
California Bar No. 316969
**CARPENTER & ZUCKERMAN**
8827 West Olympic Boulevard
Beverly Hills, CA 90211
Telephone:  (310) 273-1230
Fax:  (310) 858-1063
*jmartinez@cz.law*
(*Pro Hac Vice*)

Randall J. Phillips
North Carolina Bar No. 36125
**CHARLES G. MONNTETT III & ASSOCIATES**
6842 Morrison Boulevard, Suite 100
Charlotte, NC 28211
Telephone: (704) 376-1911
Fax: (704) 376-1921
*rphillips@carolinalaw.com*
***Attorneys for Plaintiff***

Dated: August 31, 2022

Respectfully submitted,

*/s/ Joseph L. Ledford*
Joseph L. Ledford
North Carolina Bar No. 10397
**JOSEPH L. LEDFORD, N.C.**
301 South McDowell Street, Suite 912
Charlotte, NC 28204
Telephone:  (704) 376-3686
Fax:  (704) 334-8845
*josephlledford@yahoo.com*

Matthew J. Hoffer
Michigan Bar No. P70495
**SHAFER & ASSOCIATES, P.C.**
3800 Capital City Boulevard, Suite 2

**JOINT MOTION FOR APPROVAL OF PLAINTIFF KRISTEN CAVANAUGH'S**                    **PAGE 5**
**ACCEPTANCE OF DEFENDANTS' FED. R. CIV. P. 68 OFFER OF JUDGMENT**

Case 3:21-cv-00648-FDW-DSC    Document 19    Filed 08/31/22    Page 5 of 7

Lansing, MI 48906
Telephone: (517) 886-6560
Fax: (517) 886-6565
*matt@bradshaferlaw.com*

***Attorneys for Defendants***

**JOINT MOTION FOR APPROVAL OF PLAINTIFF KRISTEN CAVANAUGH'S**      **PAGE 6**
**ACCEPTANCE OF DEFENDANTS' FED. R. CIV. P. 68 OFFER OF JUDGMENT**

Case 3:21-cv-00648-FDW-DSC     Document 19     Filed 08/31/22     Page 6 of 7

## CERTIFICATE OF SERVICE

I certify that on Wednesday, August 31, 2022 a true and correct copy of the attached **JOINT MOTION FOR APPROVAL OF PLAINTIFF KIRSTEN CAVANAUGH'S AC-CEPTANCE OF DEFENDANTS' FED. R. CIV. P. 68 OFFER OF JUDGMENT** and accompanying documents were served via CM/ECF upon the following parties pursuant to Rule 5 of the Federal Rules of Civil Procedure:

Joseph L. Ledford
301 South McDowell Street, Suite 912
Charlotte, NC 28204
Email: josephlledford@yahoo,.com

***Counsel for All Defendants***

*/s/ Jesenia A. Martinez*

Jesenia A. Martinez